**Return Date & Time:**
September 16, 2026 at 10:00 AM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————x
IN RE:

ANN SCHETTINO,
Debtor.

———————————————————x

Chapter 13
Case No. 26-22370-DSJ

**NOTICE OF MOTION SEEKING DISGORGEMENT OF ATTORNEY'S FEES**

PLEASE TAKE NOTICE, that upon the within application, the Chapter 13 Trustee will move this court before the Honorable David S. Jones, U.S. Bankruptcy Judge, at the United States Bankruptcy Court, VIA ZOOM on the 16th day of September, 2026 at 10:00 AM, or as soon thereafter as counsel can be heard, for an Order pursuant to 11 U.S.C. §§ 105, 329(b), 330 and Federal Rules of Bankruptcy Procedure 2016 & 2017 requiring the denial, disallowance, and disgorgement of compensation for legal fees of Law Office Of Julio E. Portilla, P.C. for failing to adequately represent their client in this Chapter 13 case, and for such other and further relief as may seem just and proper.

**PLEASE TAKE FURTHER NOTICE, that any hearing on the within application will be held by Zoom video conference only. No in-person hearing will be held in the Courthouse, unless otherwise subsequently ordered by the Court. Participants are required to register their appearance at:**
**https:// ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl 48 hours before the scheduled hearing.**

Responsive papers shall be filed with the Bankruptcy Court and served upon the Chapter 13 Trustee, Thomas C. Frost, Esq., as well as the United States Trustee, no later than seven (7) days prior to the hearing date set forth above. Any responsive papers shall be in conformity with the Federal Rules of Civil Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

Date: White Plains, New York
August 6, 2026

/s/ *Rebecca Richards*
By: Rebecca Richards (RR-2686)
Staff Attorney for Thomas C. Frost
Chapter 13 Trustee
399 Knollwood Road, Suite 102
White Plains, NY 10603
(914) 328-6333

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
IN RE:

ANN SCHETTINO,

Debtor.
----------------------------------------------------------X

**Hearing Date**:
September 16, 2026 at 10:00am

Chapter 13
Case No: 26-22370-DSJ

**APPLICATION**

TO THE HONORABLE DAVID S. JONES, U.S. BANKRUPTCY JUDGE:

Rebecca Richards, Esq., Staff Attorney for the Standing Chapter 13 Trustee in the above-captioned estate, respectfully represents the following:

1. The Debtor filed a petition under the provisions of 11 U.S.C. Chapter 13 on April 13, 2026 and, thereafter, THOMAS C. FROST was duly appointed and qualified as Trustee.

2. I am a Staff Attorney for Thomas C. Frost, Chapter 13 Trustee (hereinafter the "Trustee") and as such am fully familiar with the facts and circumstances set forth herein.

3. The Trustee makes this Motion and application pursuant to 11 U.S.C. §§ 105, 329(b), 330 and Federal Rules of Bankruptcy Procedure 2016 & 2017 seeking the denial, disallowance and disgorgement of compensation for legal fees of Law Office Of Julio E. Portilla, P.C. (hereinafter "Counsel") for failing to adequately represent his client in this Chapter 13 case given the many deficiencies in this matter. The fees of $1,8000.00 already received pre-petition are unreasonable considering the nature and quality of the services rendered by Counsel.

4. This is the third bankruptcy case filed by the Debtor in this District and the second Chapter 13 case filed within the year with the first case (Case No. 25-22799) being dismissed on February 18, 2026 and the current case being filed April 13, 2026.

5. On May 12, 2026, the Trustee filed a Motion to Dismiss setting forth grounds of dismissal including: (i) failure to file a Credit Counseling Certificate as required by 11 U.S.C. §521(b)(1); (ii) file a Chapter 13 Plan, as required by 11 U.S.C. §1321 and Fed. R. Bankr. P. 3015(b);

(iii) appear and be examined at the Section 341 Meeting of Creditors as required by 11 U.S.C. §343; and (iv) commence making Chapter 13 plan payments to the Trustee, as required by 11 U.S.C. §1326(a)(1). Said Motion to Dismiss is still pending. (Motion to Dismiss, ECF No. May 12, 2026).

6. On June 10, 206, Creditor Cenlar FSB, as servicer for CitiMortgage, Inc. filed a Motion to Confirm Termination or Absence of Stay ("Stay Motion") as the Debtor had two bankruptcy cases pending within the year and therefore, pursuant to 11 U/S/C § 362(c)(3), the stay imposed by the filing of the instant petition automatically terminated by operation of law on or about May 13, 2026, unless the Debtor had brought a motion to extend the automatic stay and same was heard and granted before the expiration of the 30 day period in accordance with 11 U.S.C. §362(c)(3)(B). ("Stay Motion", ECF No. 16). As said Motion to Extend the Stay was not filed, the stay had terminated as confirmed in the Order entered on July 17, 2026. (ECF No. 21).

7. Counsel did not object to the Stay Motion, but on the same date of the Stay Motion hearing he filed a Motion to Impose Automatic Stay ("Counsel's Motion").(ECF No. 19). In said Counsel's Motion, the sole reason that the necessary Motion to Extend the Automatic Stay was not timely filed was "due to counsel's inadvertent miscalculation of the applicable deadline…" (Counsel's Motion, ECF No. 19 at 3, 7). This law firm error has had serious implications resulting in the expiring of the stay and should not be taken lightly.

8. Unfortunately, this case is not an isolated incident and Counsel has shown a growing pattern of inattention to his bankruptcy cases including the untimely filing of required documents leading to automatic dismissals or delays in the prosecution of the underlying bankruptcy cases. A sampling is as follows:

**25-12963; JOSHUA B. BAGGETT** (FILED 12/31/2025 – AUTO DISMISSED ON 3/11/2026)

This matter was filed on December 31, 2025 as a bare bones petition and a Deficiency Notice was issued January 2, 2026. (ECF Nos. 1 & 3 respectively). On January 26, 2026 a Notice of Hearing on Automatic Dismissal For Failure To File Required Documents was filed. A hearing was held on March 26, 2026 where it was noted that the required documents were filed the day

before on March 25, 2026 but after the 45 days required under § 521(i). As such, Judge Mastando instructed Counsel to file a letter explaining why the case should not be automatically dismissed and said Letter was filed by Counsel on March 3, 2026 where no reason was provided as to the late filed Schedules or for the failure to file a motion to extend the time to file said schedules. (ECF No. 21). The Order was signed on March 11, 2026 Dismissing Case Under 521(i) For Failure To Timely File Required Documents. (ECF. No. 23). According to the 2016(b) Statement filed on the docket, Counsel sought attorney's fees of $575.00/hr with **$500.00** having been paid by Debtor pre-petition. (*See* Disclosure of Compensation of Attorney for Debtor, ECF No. 1 at 13).

**25-12823**; **NORMAN BERGMAN** (FILED 12/17/2025 – AUTO DISMISSED ON 3/9/2026)

This matter was filed on December 17, 2025 as a bare bones petition and a Deficiency Notice was issued on the same date (ECF Nos. 1 & 3 respectively). On January 30, 2026 a Notice of Hearing on Automatic Dismissal For Failure To File Required Documents was filed. (ECF No. 11). A hearing was held on March 26, 2026 where it was noted that the required documents were filed the day before on March 25, 2026, but after the 45 days required under § 521(i). As such, Judge Mastando instructed Counsel to file a letter explaining why the case should not be automatically dismissed and said Letter was filed by Counsel on March 3, 2026 where no reason was provided as to the late filed Schedules or for the failure to file a motion to extend the time to file said schedules. (ECF No. 19). The Order was signed on March 9, 2026 Dismissing Case Under 521(i) For Failure To Timely File Required Documents. (ECF. No. 21). According to the 2016(b) Statement filed on the docket, Counsel sought attorney's fees of $575.00/hr with **$2,500.00** having been paid by Debtor pre-petition. (*See* Disclosure of Compensation of Attorney for Debtor, ECF No. 1 at 14). Counsel's fees in a previous case for this filer (24-10231) had also been disgorged as set forth further below.

**25-12742 MONIQUE P MCCARTHY** (FILED 12/9/2025 – AUTO DISMISSED ON 3/12/2026)

This matter was filed on December 9, 2025 as a bare bones petition and a Deficiency Notice was issued on the same date (ECF Nos. 1 & 2 respectively). On January 29, 2026 a Notice of Hearing on Automatic Dismissal For Failure To File Required Documents was filed. (ECF No. 9). A hearing was held on March 26, 2026 where it was noted that the required documents were filed the day before on March 25, 2026, but after the 45 days required under § 521(i). As such, Judge Mastando instructed Counsel to file a letter explaining why the case should not be automatically dismissed and said Letter was filed by Counsel on March 3, 2026 where no

reason was provided as to the late filed Schedules or for the failure to file a motion to extend the time to file said schedules. (ECF No. 17). The Order was signed on March 12, 2026 Dismissing Case Under 521(i) For Failure To Timely File Required Documents. (ECF. No. 20). ). According to the 2016(b) Statement filed on the docket, Counsel sought attorney's fees of $575.00/hr with **$500.00** having been paid by Debtor pre-petition. (*See* Disclosure of Compensation of Attorney for Debtor, ECF No. 1 at 8).

**25-12964 OSCAR A ARGUETA** (FILED 12/31/2025 – VOL DISMISSED ON 4/9/2026)

This matter was filed on December 31, 2025 as a bare bones petition and a Deficiency Notice was issued January 2, 2026. (ECF Nos. 1 & 3 respectively). The Chapter 13 Plan was not filed until March 5, 2026 and was never served. (ECF No. 22). On March 17, 2026, creditor Serna Morgan Baker filed an Objection to Confirmation noting "[t]he Plan cannot be confirmed because it does not meet the requirements set forth in Section 1325 of the Bankruptcy Code in that (i) the Plan is not signed; (ii) the Plan is not feasible, (iii) the Plan fails to propose to pay Ms. Baker's priority claims pursuant to 11 U.S.C. §§ 523(a)(5) and/or (15) in full; and (iv) the Plan proposes to pay creditors less than the value of the Debtor's non-exempt assets totaling at least $296,645." (Objection, ECF No. 26). On April 9, 2026, Debtor filed a Motion of Voluntary Dismissal and said case was dismissed on the same date. (Voluntary Dismissal, ECF No. 27; Dismissal Order, ECF No. 28). According to the 2016(b) Statement filed on the docket, Counsel sought attorney's fees of $575.00/hr with **$5,500.00** having been paid by Debtor pre-petition. (*See* Disclosure of Compensation of Attorney for Debtor, ECF No. 1 at 12).

**26-11091 DOUGLAS E SEWER** (PENDING, BUT DELAY IN FILINGS CAUSING ADJOURNMENT OF 341(a) MEETING OF CREDITORS)

This was the third bankruptcy filing within a year and Counsel was the attorney is all three cases. (Previous Case Numbers: Case No.: 25-11043-(PB) Southern District of New York (Manhattan); Filed: 05/21/2025; Chapter: 13; Dismissed: 07/16/2025; Closed: 07/21/2025) and Case No.: 25-12327-(MEW) Southern District of New York (Manhattan); Filed: 10/22/2025; Chapter: 7; Discharged: 05/05/2026; Closed: 05/06/2026). There has been no motion to impose the stay despite this being the third bankruptcy filing within a year, and there is a pending motion for in rem relief. Further, required Schedules and the Chapter 13 Plan were not filed until the date of the first scheduled 341(a) Meeting of Creditors on June 4, 2026 which necessitated an adjournment of said Meeting to August 13, 2026 further delaying the case. According to the 2016(b) Statement filed on the docket, Counsel sought attorney's fees of

$575.00/hr with **$313.00** having been paid by Debtor pre-petition. (*See* Disclosure of Compensation of Attorney for Debtor, ECF No. 1 at 12).

**26-11092 MATTHEW R BOLLER** (PENDING, BUT DELAY IN FILINGS CAUSING ADJOURNMENT OF 341(a) MEETING OF CREDITORS)

This matter was filed on May 12, 2026 as a bare bones petition and a Deficiency Notice was issued the same date (ECF Nos. 1 & 3 respectively). Required Schedules and the Chapter 13 Plan were not filed until the date of the first scheduled 341(a) Meeting of Creditors on June 4, 2026 which necessitated an adjournment of said Meeting to August 13, 2026 further delaying the case. According to the 2016(b) Statement filed on the docket, Counsel sought attorney's fees of $575.00/hr with **$500.00** having been paid by Debtor pre-petition. (*See* Disclosure of Compensation of Attorney for Debtor, ECF No. 1 at 12).

**26- 11270 DEAN J CONIGLIARO** (PENDING, BUT DELAY IN FILINGS CAUSING ADJOURNMENT OF 341(a) MEETING OF CREDITORS)

This matter was filed on May 28, 2026 as a bare bones petition and a Deficiency Notice was issued on May 29, 2026 (ECF Nos. 1 & 3 respectively). Required Schedules and the Chapter 13 Plan were not filed until the night before the date of the first scheduled 341(a) Meeting of Creditors on July 9, 2026 which necessitated an adjournment of said Meeting to August 13, 2026 further delaying the case. According to the 2016(b) Statement filed on the docket, Counsel sought attorney's fees of $575.00/hr with **$3,500.00** having been paid by Debtor pre-petition. (*See* Disclosure of Compensation of Attorney for Debtor, ECF No. 1 at 12).

9. Moreover, this Motion to Disgorge is not the first time Counsel's fees have been disgorged in this District. On September 23, 2024 an Order was entered Disgorging Legal Fees Pursuant To 11 U.S.C. § 105, 329, 330 and FRBP 2016 & 2017 in the case of Norman Bergman (case No. 24-10231-PB) for Counsel's failure to appear at the 341 Meeting of Creditors scheduled for April 19, 2024, May 10, 2024 and July 10, 2024 and the Debtor's confirmation hearing scheduled for May 16, 2024. (*See* Disgorgement Order, Bergman, Case No. 24-10231-PB, ECF No. 34).

10. Based on the foregoing, Counsel's failure to file a crucial Motion to Extend the Stay in this matter has undoubtedly prejudiced the Debtor amounting to an overall failure to adequately

represent his client in violation of the Bankruptcy Code pursuant to 11 U.S.C. 105, 329, 330 and Federal Rules of Bankruptcy Procedure 2016 & 2017. As such, given Counsel's failure in this matter, and the very concerning history and pattern of failing to adequately represent his clients and comply with basic bankruptcy code requirements throughout his recent history in this District as explained herein, the Trustee respectfully requests the denial, disallowance and disgorgement of compensation for legal fees of Counsel in this Chapter 13 case as he has again failed to adequately represent the Debtor; the quality of Counsel's work is extremely poor rendering the fees unreasonable given the lack of basic services performed and substantial harm to the Debtor in this case as a direct result of Counsel's lack of diligence to time sensitive deadlines resulting in a lapse in the automatic stay.

## I. THE COURT HAS THE AUTHORITY TO CANCEL AN AGREEMENT SEEKING EXCESSIVE AND/OR UNREASONABLE FEES IF THEY EXCEED THE VALUE OF SERVICES PERFORMED AND IF COUNSEL FAILS TO ADEQUATELY REPRESENT HIS CLIENT

11. Pursuant to 11 U.S.C. §329(b), a Court may cancel any agreement or order the return of any such part of an agreement for compensation of a debtor's attorney if such compensation exceeds the reasonable value to any such services. *See* 11 U.S.C. §329(b).

12. Section 329(b) provides, in pertinent part:

> [if] such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to . . . (2) the entity that made such payment.

*Id.*

13. An important part of the Chapter 13 Trustee's role in supervising the administration of bankruptcy cases involves a review of debtor's attorney fees. *See In re Grant*, 14 B.R. 567, 568 (Bankr. S.D.N.Y. 1981)(citing *In re Butchman*, 13 B.R. 452 (Bankr. S.D.N.Y. 1980)).

14. If the Trustee obtains sufficient information which he believes raises a question as to the amount of compensation an attorney has received or has agreed to accept, the appropriate procedure is to seek relief in the Bankruptcy Court under 11 U.S.C. §329(b). *Id.*

15. Judges in this district have recognized that upon the motion of a party in interest, Federal Rule of Bankruptcy Procedure 2017(a) directs the Court to determine whether any payment or transfer of property to an attorney "in contemplation of the filing" of the bankruptcy petition "is excessive." *In re D'Arata,* 587 B.R. 819, 824 (Bankr. S.D.N.Y. 2018); *see also* Fed. R. Bankr. P. 2017(a).

16. In the instant case, the fee agreement between the Debtor and Counsel as reported via the 2016(b) Statement should be reviewed and scrutinized under this same lens and the Trustee felt it important to bring this proposed compensation to the Court's attention.

17. According to the 2016(b) Statement filed on the docket, Counsel is seeking attorney's fees of $575.00/hr with $1,800.00 having been paid by Debtor pre-petition . (See Disclosure of Compensation of Attorney for Debtor, ECF No. 1 at 38).

18. In considering the value of legal services provided under §329(b), the Court must evaluate "whether the [sum] he was paid was excessive for what he accomplished for debtor in this case." *In re D'Arata,* 587 B.R at 824 (citing *In re Nakhuda,* 544 B.R. 886, 903 (9th Cir. 2016)).

19. The Court has "wide discretion in making this determination so long as the fees at issue are evaluated in light of the services actually performed." *Id*. at 825 (citing *Karsch v. LaBarge (In re Clark),* 223 F.3d 859, 863-64 (8th Cir. 2000)); *see also, In re Chez*, 441 B.R. 724, 730 (Bankr. D. Conn 2010) ("what constitutes reasonableness is a question of fact to be determined by the particular circumstances of each case.")

20. The Debtor's attorney bears the burden of establishing the reasonableness of his/her legal fees being sought in a particular case. *Id. (citing In re Chez,* 441 B.R. at 730).

21. In recognizing the Court's authority to review fees paid to a debtor's attorney, former Chief Judge Gonzalez of the S.D.N.Y. found that "[t]he Court may reduce the compensation if it finds that the amount requested is excessive or of poor quality." *In re Alessandro,* 2010 Bankr. LEXIS 3116 at*5 (Bankr. S.D.N.Y. 2010).

22. Given Counsel's failure to timely file a Motion to Extend the Stay within the timeframe proscribed under statute which allowed the stay to expire and the Creditor's Motion to Confirm the Absence of Stay to be granted, and given his troubling pattern in recent cases of not timely filing required documents, the Trustee respectfully requests the denial, disallowance and disgorgement of compensation for legal fees of Counsel for failing to adequately represent his client in this Chapter 13 case and as such, the legal fees sought by Counsel in this case are unreasonable and/or excessive.

23. As such, the Trustee respectfully requests the Court exercise its authority under §329(b) and Fed. R. Bankr. P. 2017(a), and utilize its discretion as discussed in *Alessandro*, to find that the legal fees previously received pre-petition ($1,800.00) in this chapter 13 case are unreasonable and/or excessive as the work performed has been of insufficient quality as Counsel has failed to adequately represent his client in this Chapter 13 case.

24. Based on the foregoing, the Trustee respectfully requests that the fees sought by Counsel be denied and disgorged as the Court deems appropriate under the Code provisions cited herein as well as its powers pursuant to 11 U.S.C. § 105(a) to manage its docket and prevent an abuse of the bankruptcy process.

25. Further, it is requested that Counsel be directed to disgorge and return all legal fees received in the amount of $1,800.00 to the Debtor within 14 days of entry of any Order and that immediately upon return of the Legal Fees, Counsel shall file an Affirmation along with proof of payment with the Court via the ECF Docket.

26. Finally, the Trustee respectfully requests that the case be held open for compliance with any Order issued as a result of this application, and that any pending applications for dismissal or conversion be postponed until the Court has determined these matters have been resolved to its satisfaction.

WHEREFORE, the Chapter 13 Trustee respectfully requests the Court enter an Order requiring the reduction and disgorgement of the attorney fees paid to Counsel of Law Office Of Julio E. Portilla,

P.C. in the amount of $1,8000.00 or in any amount the Court deems to be excessive and/or unreasonable in light of his failure to adequately represent his client, and that Counsel be required to file an Affirmation along with proof of payment on the docket demonstrating his compliance as set forth herein, and for such other and further relief as may seem just and proper.

Dated: White Plains, New York
August 6, 2026

/s/ *Rebecca Richards*
By: Rebecca Richards (RR-2686)
Staff Attorney for Thomas C. Frost
Chapter 13 Trustee
399 Knollwood Road, Suite 102
White Plains, NY 10603
(914) 328-6333

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
IN RE:

ANN SCHETTINO,

Debtor.
---------------------------------------------------------X

Chapter 13

Case No: 26-22370-DSJ

**CERTIFICATE OF SERVICE BY MAIL**

This is to certify that I, Thomas C. Frost, Esq., have this day served a true, accurate and correct copy of the within Notice of Motion, and Affirmation by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

ANN SCHETTINO
209 SCHRADE RD., #2H
BRIARCLIFF MANOR, NY 10510

JULIO E. PORTILLA, ESQ.
LAW OFFICE JULIO E. PORTILLA, P.C.
380 LEXINGTON AVE.
SUITE 446
NEW YORK, NY 10168

ROBYN E. GOLDSTEIN, ESQ.
DAVID A. GALLO & ASSOCIATES LLP
99 POWERHOUSE ROAD
FIRST FLOOR
ROSLYN HEIGHTS, NY 11577

VANITY MUNIZ, ESQ.
SMITH BUSS & JACOBS LLP
733 YONKERS AVE
SUITE 200
YONKERS, NY 10704

This August 6, 2026

/s/ *Thomas C. Frost*
Thomas C. Frost, Esq.
Chapter 13 Trustee
399 Knollwood Road, Suite 102
White Plains, NY 10603
(914) 328-6333

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Chapter 13
Case No: 26-22370-DSJ

IN RE:

ANN SCHETTINO,

Debtor.

**NOTICE OF MOTION, AFFIRMATION**
**AND**
**CERTIFICATE OF SERVICE**

THOMAS C. FROST, ESQ.
CHAPTER 13 TRUSTEE
By: Rebecca Richards, Esq.
399 Knollwood Road, Suite 102
White Plains, NY 10603
(914) 328-6333