LAW OFFICE OF JULIO E. PORTILLA, P.C.
Julio E. Portilla, Esq.
380 Lexington Avenue, Suite 446
New York, New York 10168
Tel: (212) 365-0292 | Fax: (212) 365-4417
Email: jp@julioportillalaw.com
Counsel for Debtor Ann Schettino

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>ANN SCHETTINO,<br><br>Debtor. | Case No. 26-22370 (DSJ)<br>Chapter 13 |

**COUNSEL'S OPPOSITION TO TRUSTEE'S MOTION SEEKING DISGORGEMENT OF ATTORNEY'S FEES**

Julio E. Portilla and the Law Office of Julio E. Portilla, P.C. (collectively, "Counsel"), respectfully submit this opposition to the Chapter 13 Trustee's motion seeking disgorgement of the $1,800 prepetition retainer (ECF No. 25, the "Motion"). Counsel acknowledges and accepts responsibility for the failure to timely seek continuation of the automatic stay within the thirty-day period prescribed by 11 U.S.C. § 362(c)(3)(B). Counsel recognizes the significance of that omission and does not seek to excuse or minimize it.

Upon becoming aware of the error, Counsel promptly undertook remedial measures to protect the Debtor's interests and preserve her opportunity to retain her residence. Specifically, Counsel filed a motion seeking to reimpose and extend the automatic stay, prepared and submitted a complete loan-modification package, sought loss-mitigation relief, and worked closely with the Debtor to formulate a realistic and sustainable household budget. These efforts resulted in the Debtor's approval for a loan

modification and provided her with a viable means of retaining her residence and pursuing a successful financial reorganization.

Although Counsel's failure to timely seek continuation of the automatic stay was regrettable, that discrete omission does not negate the reasonable value of the substantial legal services otherwise rendered on the Debtor's behalf. Section 329(b) authorizes the return of compensation only "to the extent excessive." Because the reasonable value of Counsel's services equals or exceeds the $1,800 retainer, the Motion should be denied. Alternatively, if the Court determines that the compensation received exceeded the reasonable value of the services performed, Counsel respectfully requests that any disgorgement be limited to the amount of that excess.

## PRELIMINARY STATEMENT

Counsel acknowledges the seriousness of the missed deadline and accepts responsibility for that error. The omission, however, does not negate the value of the substantial legal services Counsel rendered before and after the deadline, including the remedial measures undertaken to protect the Debtor's interests. Section 329(b) requires the Court to determine whether the compensation received exceeded the reasonable value of the services performed and, if so, the extent of any excess. As the Trustee's own cited authority recognizes, although the Court possesses broad discretion in conducting that inquiry, the fees at issue must be evaluated "in light of the services actually performed." *In re D'Arata*, 587 B.R. 819, 825 (Bankr. S.D.N.Y. 2018) (citing *Karsch v. LaBarge (In re Clark)*, 223 F.3d 859, 863–64 (8th Cir. 2000)). Accordingly, the missed deadline should not be considered in isolation but as part of a case-specific assessment of all services Counsel performed and the value those services conferred upon the Debtor. The present record does not support a determination that Counsel's services were entirely without reasonable value.

The docket reflects that Counsel commenced this Chapter 13 case and thereafter prepared, filed, and prosecuted numerous substantive matters on the Debtor's behalf. Those services included preparing and filing the petition, means-test form, amended petition, and Chapter 13 plan; opposing the Trustee's

motion to dismiss; filing and litigating a motion to reimpose and extend the automatic stay; pursuing loss-mitigation relief; preparing the Debtor for her examinations under 11 U.S.C. § 341; and representing her at the scheduled § 341 meetings. In addition, Counsel prepared and submitted the Debtor's loan-modification package, obtained approval of a loan modification, and continues to work closely with the Debtor to develop a realistic and sustainable household budget that will enable her to comply with the modified loan terms while meeting her reasonable and necessary living expenses. At Counsel's disclosed hourly rate of $575, the $1,800 retainer represents approximately 3.13 hours of professional services. The nature and extent of the services performed substantially exceed that limited amount of compensable time and, more importantly, produced a material and demonstrable benefit for the Debtor by providing a viable means of retaining her residence and pursuing a successful financial reorganization.

**RELEVANT BACKGROUND**

1. On April 13, 2026, Counsel filed the Debtor's Chapter 13 petition, Chapter 13 Statement of Current Monthly Income, and an amended petition. ECF Nos. 1-3.\

2. On the same date, Counsel moved for additional time concerning the credit-counseling requirement. ECF No. 4.

3. On June 9, 2026, Counsel filed the Debtor's credit-counseling certificate, Chapter 13 plan, and opposition to the Trustee's motion to dismiss. ECF Nos. 13-15.

4. On July 1, 2026, Counsel transmitted the Debtor's Social Security card, New York identification, and 2024 tax returns to the Trustee through the Trustee's document portal.

5. The automatic stay terminated under § 362(c)(3)(A) because a motion under § 362(c)(3)(B) was not timely filed. Counsel acknowledges that the omission resulted from his deadline miscalculation. See ECF Nos. 19, 21.

6. Upon recognizing the missed deadline, Counsel did not abandon the Debtor or remain inactive. Counsel filed a motion to reinstate or extend the stay and appeared in connection with that

request. ECF Nos. 19, 27, 29. Although the Court denied the motion, it was a good-faith corrective effort undertaken to protect the Debtor's residence and preserve asserted equity.

7. Counsel submitted a loan-modification packet on the Debtor's behalf and, on August 13, 2026, filed a formal loss-mitigation request. ECF Nos. 28, 30. Counsel represents that the Debtor was thereafter approved for a loan modification. That approval is a substantial and concrete benefit of Counsel's continued representation.

8. Counsel continues to work with the Debtor to develop an affordable and sustainable budget designed to permit performance under the approved loan modification, payment of necessary household expenses, and successful completion of her Chapter 13 case.

9. The Rule 2016(b) disclosure reports a $575 hourly rate and $1,800 received prepetition. The amount received therefore compensates approximately 3.13 hours of work.

## ARGUMENT

### I. SECTION 329(b) PERMITS DISGORGEMENT ONLY TO THE EXTENT COMPENSATION EXCEEDS THE REASONABLE VALUE OF SERVICES

10. Section 329(b) provides that, if compensation paid to a debtor's attorney "exceeds the reasonable value" of the services, the Court may cancel the agreement or order return of the payment "to the extent excessive." 11 U.S.C. § 329(b). Rule 2017(a) supplies the procedure for determining whether a prepetition payment was excessive. Fed. R. Bankr. P. 2017(a). Section 330(a)(4)(B), to the extent applicable, likewise directs the Court to consider the benefit and necessity of services to the debtor and the factors set forth in § 330.

11. The controlling question is case-specific: "whether the [sum] he was paid was excessive for what he accomplished for debtor in this case." D'Arata, 587 B.R. at 824 (quoting In re Nakhuda, 544 B.R. 886, 903 (B.A.P. 9th Cir. 2016)). The Court has discretion, but the fees must be evaluated in light of the services actually performed. Id. at 825. Thus, § 329(b) is not an all-or-nothing penalty untethered to value; its text limits repayment to any excess over reasonable value.

## II. THE $1,800 RETAINER DOES NOT EXCEED THE REASONABLE VALUE OF THE SERVICES ACTUALLY PERFORMED

12. At Counsel's disclosed hourly rate of $575, the $1,800 prepetition retainer represents approximately 3.13 hours of professional services. The docket reflects that Counsel performed numerous substantive services on the Debtor's behalf, including preparing and filing the Chapter 13 petition, means-test form, amended petition, and Chapter 13 plan; opposing the Trustee's motion to dismiss; filing and litigating a motion to reimpose and extend the automatic stay; and pursuing loss-mitigation relief. Counsel also conferred with the Debtor, reviewed her financial information, transmitted requested documents to the Trustee, prepared and submitted a complete loan-modification package, obtained approval of the loan modification, and continues to assist the Debtor in developing a realistic and sustainable budget designed to support her obligations under the modified mortgage while facilitating a successful Chapter 13 reorganization.

13. Even without assigning value to every communication or appearance, preparation and prosecution of the docketed matters reasonably exceeded 3.13 hours. The Motion does not provide a lodestar calculation, assign a value to the completed services, or identify what portion of the $1,800 allegedly exceeds their value. It instead asks the Court to reduce the value of all services to zero because of the missed stay-extension deadline. That is not the measurement required by § 329(b).

14. The circumstances presented here are materially distinguishable from those in *In re D'Arata*. In *D'Arata*, retained counsel failed to appear at two meetings of creditors, instead sending undisclosed and inadequately prepared appearance counsel; failed to disclose the related fee-sharing arrangements; filed materially inaccurate schedules that remained uncorrected despite the debtor's efforts to identify the errors; and failed to provide adequate representation at the debtor's § 341 meetings. In re D'Arata, 587 B.R. 819, 821–24, 825–26 (Bankr. S.D.N.Y. 2018). Here, by contrast, the Motion identifies a discrete calendaring error for which Counsel has accepted responsibility. The record otherwise reflects substantial services performed on the Debtor's behalf, prompt remedial efforts to

protect her residence, continued pursuit of loss-mitigation relief, and the successful procurement of a loan modification. Because *D'Arata* requires compensation to be evaluated in light of the services actually performed, *id.* at 824–25, it supports a case-specific assessment of the value Counsel provided—not the wholesale forfeiture of the retainer based solely upon the missed deadline

## III. THE MISSED STAY DEADLINE DOES NOT JUSTIFY FORFEITURE OF THE ENTIRE FEE

15. Counsel acknowledges and accepts responsibility for failing to seek continuation of the automatic stay within the thirty-day period prescribed by 11 U.S.C. § 362(c)(3)(B), and Counsel appreciates the seriousness of the Court's concerns regarding that omission. The missed deadline, however, should not obscure the substantial services Counsel otherwise rendered or the material benefit achieved for the Debtor. Upon discovering the error, Counsel promptly moved to reimpose and extend the automatic stay, pursued loss-mitigation relief, prepared and submitted a complete loan-modification package, and obtained approval of a loan modification. Counsel continues to work closely with the Debtor to develop a realistic and sustainable household budget designed to ensure her compliance with the modified mortgage terms. Counsel's other services—including commencing the Chapter 13 case, proposing an orderly treatment of creditor claims, opposing dismissal, providing requested documents to the Trustee, and pursuing loss mitigation—preserved the Debtor's opportunity to reorganize and produced a viable means by which she may retain her residence.

16. To the extent the Trustee invokes § 105(a) as an independent basis for disgorgement, that provision does not authorize the Court to disregard the specific standard and remedy prescribed by § 329(b). Although § 105(a) permits a bankruptcy court to issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code, that authority may not be exercised in a manner that contravenes or overrides the Code's express provisions. *Law v. Siegel*, 571 U.S. 415, 421 (2014). Section 329(b), in turn, authorizes the return of compensation only upon a determination that the compensation exceeded the reasonable value of the services rendered and only "to the extent excessive." 11 U.S.C. §

329(b). Accordingly, the Court should determine the reasonable value of all services Counsel actually performed and order disgorgement only to the extent, if any, that the $1,800 payment exceeded that value. The missed deadline, standing alone, does not establish that Counsel's services were entirely without value or warrant complete forfeiture under § 329(b).

## IV. ALLEGATIONS CONCERNING OTHER CASES DO NOT ESTABLISH THE REASONABLE VALUE OF SERVICES IN THIS CASE

17. The Motion devotes substantial attention to Counsel's representation of other debtors in unrelated proceedings. Those collateral matters, absent a complete record and consideration of the circumstances of each case, do not answer the question presented under § 329(b): whether the compensation Counsel received was excessive in light of the services rendered to Ann Schettino. As D'Arata explains, the pertinent inquiry is "whether the [sum] he was paid was excessive for what he accomplished for debtor in this case." In re D'Arata, 587 B.R. 819, 824 (Bankr. S.D.N.Y. 2018) (quoting In re Nakhuda, 544 B.R. 886, 903 (B.A.P. 9th Cir. 2016)). Although the Court may consider competent evidence bearing on Counsel's performance and professional obligations, the statutory reasonableness determination should remain focused on Counsel's actual work for this Debtor and the value those services conferred upon her. The abbreviated histories of unrelated matters therefore should not substitute for the required case-specific evaluation.

18. Moreover, the Motion's abbreviated descriptions of the unrelated cases omit material factual and procedural context and should not be accepted as complete accounts of Counsel's representation in those matters. Counsel has represented Douglas Sewer and Norman Bergman since approximately 2008 in bankruptcy and nonbankruptcy proceedings directed toward preserving their residences, including state-court foreclosure defense and related appellate proceedings, and Counsel continues to represent them. Counsel's representation of Oscar Argueta likewise remains ongoing and has involved complex, contested post-divorce and property-related issues not apparent from the bankruptcy docket alone. In the Monique McCarthy matter, Counsel worked extensively to identify

available means of preserving the client's housing and avoiding displacement under difficult personal circumstances. In the Joshua Baggett matter, Counsel assisted the client in negotiating an orderly surrender of the premises without the entry or execution of an eviction. These matters cannot fairly be evaluated from docket entries viewed in isolation.

19. Adjudicating the merits of those unrelated representations on the limited record presented would invite collateral disputes and divert attention from the issue properly before the Court: whether the $1,800 paid by Ann Schettino exceeded the reasonable value of the services Counsel performed on her behalf. If the Court determines that the circumstances of the other cases are relevant, Counsel respectfully requests an opportunity to submit declarations, supporting records, and any additional evidence necessary to provide the complete factual context before the Court draws any adverse inference from those proceedings.

## V. IF THE COURT FINDS A REDUCTION WARRANTED, RELIEF SHOULD BE LIMITED TO THE PROVEN EXCESS

20. Section 329(b) authorizes relief only where compensation paid to a debtor's attorney exceeds the reasonable value of the services rendered, and any return of payment is limited "to the extent excessive." 11 USCS § 329. In assessing reasonable value, courts consider the time and labor required, the difficulty of the issues, the skill required, counsel's experience and ability, the benefit to the client, the customary fee for similar services, and the results obtained. RMP Capital Corp. v. Victory Jet, LLC, 139 A.D.3d 836, 840 (2016). The Court therefore should evaluate the $1,800 payment in light of the full body of services Counsel provided to Ann Schettino, while also considering the effect of Counsel's failure to timely seek continuation of the automatic stay. If the Court determines that the reasonable value of those services was less than $1,800, § 329(b) authorizes disgorgement of the difference—not automatic forfeiture of the entire payment. 11 USCS § 329. Because the present record reflects substantial services and a material benefit conferred upon the Debtor, it does not support a finding that

Counsel's services had no reasonable value or that the entire $1,800 payment was excessive. 11 USCS § 329, RMP Capital Corp. v. Victory Jet, LLC, 139 A.D.3d 836, 840 (2016)

## CONCLUSION

21. For the foregoing reasons, Counsel respectfully requests that the Court deny the Trustee's Motion. Counsel acknowledges and accepts responsibility for failing to timely seek continuation of the automatic stay. Nevertheless, the record demonstrates that Counsel thereafter undertook substantial remedial and substantive efforts on the Debtor's behalf, including moving to reimpose and extend the automatic stay, preparing and submitting a complete loan-modification package, pursuing loss-mitigation relief, obtaining approval of a loan modification, assisting the Debtor in developing a sustainable household budget, and performing the additional services reflected on the docket. In light of the nature, extent, and results of those services, the $1,800 payment did not exceed their reasonable value.

22. Alternatively, if the Court determines that the reasonable value of Counsel's services was less than the amount received, Counsel respectfully requests that any disgorgement be limited to the amount, if any, by which the $1,800 payment exceeded that value. Counsel further requests such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 15, 2026

Respectfully submitted,
**LAW OFFICE OF JULIO E. PORTILLA, P.C.**
By: /s/ *Julio E. Portilla*
Julio E. Portilla, Esq.
380 Lexington Avenue, Suite 446
New York, New York 10168
Tel: (212) 365-0292
Email: jp@julioportillalaw.com
Counsel for Debtor Ann Schettino